FILED
NOVEMBER 28, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

07 C 6686

JUDGE MANNING
MAGISTRATE JUDGE MASON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASEIN ALI ABBAS,<br><br>    Plaintiff,<br><br>    v.<br><br>IMI CORNELIUS, INC.,<br><br>    Defendant. | Case No. |

Plaintiff Yasein Ali Abbas (Mr. Ali Abbas), by and through his attorney, complains of Defendant IMI Cornelius, Inc. (IMI Cornelius) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, as follows:

## NATURE OF THE CASE

1. Mr. Ali Abbas immigrated to the United States after working in Egypt as an attorney. In moving to the U.S., Mr. Ali Abbas sought the American dream and an opportunity to better financially support his wife and child in his home country of the Sudan. IMI Cornelius hired Mr. Ali Abbas to work in assembly, but denied him reasonable accommodation for his religious beliefs when his supervisor refused to permit him to attend Friday congregational prayer services. Additionally, Mr. Ali Abbas was treated differently than other similarly situated employees who were not Muslim or of African descent. After complaining of discrimination, IMI Cornelius retaliated against Mr. Ali Abbas through a series of reprimands and ultimately terminated him. Mr. Ali Abbas seeks damages for the discrimination and retaliation he faced working at IMI Cornelius.

## JURISDICTION AND VENUE

2.  This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and §1334.

3.  On June 30, 2006, Mr. Ali Abbas timely filed a charge of religious discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (a copy of the charge is attached).

4.  On August 30, 2007, the EEOC issued a Notice of Right to Sue (a copy of the notice is attached).

5.  The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391.

## PARTIES

6.  Mr. Ali Abbas is a resident of Cook County, IL. He is a Sudanese, Muslim male of African descent. Mr. Ali Abbas was formerly employed by the Defendant.

7.  IMI Cornelius is located at 101 Regency Drive, Glendale Heights, IL 60139. IMI Cornelius employed Mr. Ali Abbas and at all relevant times employed more than 15 employees.

## FACTS

8.  Mr. Ali Abbas worked for IMI Cornelius from approximately January 2001 until February 22, 2005. He was hired based on his experience and qualifications and most recently he worked in assembly.

9. Between the period of January 2001 and June of 2003, Mr. Ali Abbas received two reprimands allegedly for quality mistakes, the first on October 17, 2001 and the second on April 18, 2002.

10. Other non-Muslim, non-Sudanese, non-African employees who made similar mistakes were not subjected to the same standards and scrutiny as Mr. Ali Abbas.

11. Mr. Ali Abbas followed the proper assembly procedures, and overall the quality of his work was good and in no way was less satisfactory than other similarly situated, non-Muslim, non-Sudanese, non-African employees.

12. Sometime in 2003, Mr. Ali Abbas' high quality of work was acknowledged such that he was given the additional responsibility of checking the quality of the end product on the production line. However, he was not officially promoted, nor was he given any raise for this new role.

13. On June 30, 2003, in response to the harsh and derogatory treatment that Mr. Ali Abbas experienced by his non-Muslim, non-Sudanese, non-African supervisors, Mr. Ali Abbas engaged in protected activity when he filed a complaint with the Illinois Department of Human Rights (hereinafter IDHR).

14. Immediately after filing the IDHR complaint, Mr. Ali Abbas received another reprimand that was issued to him on July 2, 2003 for allegedly more quality mistakes. Mr. Ali Abbas refused to sign the warning in protest of the accusations of poor quality of work.

15. Subsequently, Mr. Ali Abbas was given another warning on February 3, 2004 for tardiness. Mr. Ali Abbas disagreed with this warning, but was threatened with termination if he did not sign.

16. On October 27, 2004 Mr. Ali Abbas was given another warning allegedly for quality mistakes, which, upon information and belief, was fabricated.

17. On December 10, 2004, Mr. Ali Abbas was issued another warning for tardiness. Management later rescinded the warning after Mr. Ali Abbas presented them with his own documentation of attendance. Management reviewed Mr. Ali Abbas' attendance during a 15- month period, whereas it's usual policy is to review employees' attendance during a 12-month period. But for Mr. Ali Abbas' own personal documentation of his time sheet, and his noticing that the tardies that were being counted against him were outside of the applicable time frame, a warning would have been issued against him for excessive tardiness.

18. Also, on December 10, 2004, Mr. Ali Abbas was refused permission to attend Friday congregational prayer services by his supervisor, Ms. Joanne Fluker. As an observant Muslim, Mr. Ali Abbas believes he is obligated to attend Friday congregational prayer services every week.

19. On February 22, 2005, Mr. Ali Abbas was issued another reprimand for allegedly not respecting his team leader. This reprimand arose from an incident in which Mr. Ali Abbas told his team leader that one of the machines was not working properly. After examining the machine, his team leader determined that Mr. Ali Abbas was correct, and that it was not working properly. Nonetheless, the team leader moved Mr. Ali Abbas to another area. Later, Mr. Ali Abbas' supervisor, Ms. Fluker, told Mr. Ali Abbas that if he did not sign the warning for not respecting his team leader, he would be terminated. Mr. Ali Abbas refused to sign, and was therefore terminated.

**COUNT I – VIOLATION OF TITLE VII OF THE**

## CIVIL RIGHTS ACT OF 1964

20.     Mr. Ali Abbas reasserts and realleges paragraphs 1-19 as if set fully herein.

21.     IMI Cornelius, through its employees, intentionally discriminated and retaliated against Mr. Ali Abbas.

22.     IMI Cornelius' actions have caused Mr. Ali Abbas emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Yasein Ali Abbas requests that this Honorable Court enter judgment in his favor and against Defendant IMI Cornelius, and enter an Order awarding the following damages:

- A. A written apology from the Defendant;
- B. Removal of all disciplinary warnings and reprimands issued by the Defendant;
- C. All wages and benefits he would have received but for the discrimination and retaliation;
- D. Compensatory damages;
- E. Punitive damages;
- F. An award of costs, as provided by F.R.C.P. 54(d)(1);
- G. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and
- H. Such other relief as the Court deems equitable and just.

Respectfully Submitted,

                                               YASEIN ALI ABBAS

                                               _____

                                               Attorney for the Plaintiff

Rima Kapitan
Council on American-Islamic Relations,
Chicago Chapter (CAIR-Chicago)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Attorney # 6286541
Ph:    312.212.1520
Fax:   312.212.1530