UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASEIN ABBAS,<br><br>        Plaintiff,<br><br>    v.<br><br>IMI CORNELIUS, INC.,<br><br>        Defendant. | Case No. 07 C 6686<br><br>Hon. Judge Manning<br><br>Magistrate Judge Mason |

**ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

NOW COMES Defendant IMI Cornelius, Inc. ("Defendant"), by and through its attorneys, Foley & Lardner LLP, and hereby answers Plaintiff's Third Amended Complaint as follows:

1. The Defendant is without information sufficient to form a belief as to the truth of the first sentence of paragraph 1 of the Complaint and therefore denies same; the Defendant is without information sufficient to form a belief as to the truth of the second sentence of paragraph 1 of the Complaint and therefore denies same; admits that Plaintiff was hired to work on Defendant's assembly line and denies the remaining allegations contained in the third sentence of paragraph 1 of the Complaint; denies the allegations contained in the fourth sentence of paragraph 1 of the Complaint; denies the allegations contained in the fifth sentence of paragraph 1 of the Complaint; admits that Defendant seeks damages, denies any damages are due and denies the remaining allegations contained in the sixth sentence of paragraph 1 of the Complaint.

2. Admits that the complaint alleges violations of Title VII of the Civil Rights Act of 1964 and admits that Plaintiff seeks to invoke jurisdiction pursuant to 28 USC

Sections 1331 and 1334; denies that this is a bankruptcy action and denies that jurisdiction is properly invoked under 28 USC Section 1334.

3. Admits that Plaintiff filed a charge of discrimination with the EEOC on March 25, 2005; denies that the charge alleged religious discrimination; and denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the complaint.

5. Alleges that Plaintiff's work for Defendant occurred within the Northern District of Illinois; denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Upon information and belief admits the allegations contained in the first two sentences of paragraph 6; admits the allegations contained in the third sentence of paragraph 6.

7. Admits the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint.

9. Admits the Plaintiff received disciplinary warnings on October 17, 2001 and April 18, 2002; denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Admits that Plaintiff was not promoted; denies the remaining allegations contained in paragraph 12 of the Complaint.

13. Admits that Plaintiff filed a complaint with the IDHR on June 30, 2003; denies the remaining allegations contained in paragraph 13 of the Complaint.

MILW_6777313.1

14. Alleges that Plaintiff received a disciplinary warning on July 2, 2003, which he refused to sign; denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Admits that Plaintiff received a disciplinary warning on February 3, 2005; denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Admits that Plaintiff received a disciplinary warning on October 27, 2004, 2005; denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in the first two sentences of paragraph 17 of the complaint; denies the allegations contained in third sentence of paragraph 17 of the Complaint; denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in the first sentence of paragraph 18. Is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 18 and therefore denies same.

19. Alleges that Plaintiff was terminated on February 22, 2005 for refusing to perform his job; denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant reasserts its answers to paragraphs 1 through 19 as if fully set forth herein.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

With respect to the Prayer for Relief contained in the Complaint, denies that Plaintiff is entitled to any relief whatsoever.

## Alternative and Affirmative Defenses

1. Plaintiff fails to state a claim upon which relief may be granted.

  2. Plaintiff's claims are barred in whole or in part by the statute of limitations.

  3. Plaintiff's claims are barred in whole or in part based on the failure to file a timely discrimination charge with the EEOC relating to claims raised in the Complaint.

  4. Plaintiff failed to file a timely court complaint following the EEOC dismissal of his discrimination charges and issuance of Right to Sue notices.

  5. Defendant reserves the right to assert such other alternative, affirmative and/or other defenses as become known through discovery.

  Dated: May 19, 2008.

            Respectfully submitted,
             /s/ Benjamin B. Folsom
            Benjamin B. Folsom
            Foley & Lardner LLP
            321 North Clark Street, Suite 2800
            Chicago, IL 60610-4764
            312.832.4500 Telephone
            312.832.4700 Facsimile
            Illinois Bar No. 6292830

## CERTIFICATE OF SERVICE

I, Benjamin B. Folsom, an attorney, state that on May 19, 2008, I caused a true and correct copy of **Defendant's Answer to Plaintiff's Third Amended Complaint** to be served on the ECF participants by electronic mail through the Court's ECF filing system.

    /s/ Benjamin B. Folsom

MILW_6777313.1